NEW-YORK,
Dec. 1822.

The People
*vs.*
John Odle.

The People
*vs.*
James Finn.

*Bogardus* rose, and requested the Court to charge the jury that if the weapon, was not a lawful one, yet if Mr. Jennings had it in his hands by accident, or for some lawful purpose, as he alleged he had, he might lawfully use it to protect himself, and cited the case of the reaper, who was at work at his harvest, when a neighbor came to him from an adjoining field, and a quarrel ensued and he struck him with the scythe he had in his hand, and killed him : it was held not to be murder.

---

The People *vs.* John Odle.  *Assault and Battery.*

The People *vs.* James Finn.  *Assault and Battery.*

THESE were cross indictments. It appeared by the testimony of the prosecutor, and others, that Finn was an

NEW-YORK, officer, and in that capacity had received an execution to
Dec. 1822. be executed against Odle.   That he went to Odle's house
The People to execute it, that he found him engaged leading his
vs. John Odle. horses up the alley to his stables.   That Finn came up
The People and seized him by the collar, and choked him, and tore
vs. James Finn. his clothes, &c.

The testimony upon the part of Finn, went to show that

If A. an officer, has a process against B. on which he is arrested, and there are cross indictments of assault and battery growing out of the arrest, evidence of B.'s conduct to other officers, on being arrested, cannot be admitted.

he came peaceably up to Odle, to execute a process he had then in his possession : that he told Odle he had an execution against him ; that Odle swore he did not care for him ; that the money had been paid and the judgment satisfied, on which the execution had issued three days ago, and that he would not go to the magistrates, &c., and that Odle had committed the first assault upon Finn, in a very violent and outrageous manner.

The testimony being contradictory, and nearly balanced, in order to show the conduct of Odle to other officers on their executing process upon him, *D. Graham* and *Wilson,* counsel for Finn, called a number of constables in attendance on the court.

*Maxwell, District Attorney,* objected to their examination.

*By the Court.*—"You cannot go into evidence of a par-
" ticular fact that occurred at a different time and place,
" to explain the transaction now under consideration.—
" The witness cannot be heard.   It is a simple question of
" fact for the jury to decide, whether Finn seized Odle by
" the collar, without explaining his business, as sworn to
" by him, or whether Odle assaulted Finn, and refused to
" go with him, after Finn told him he had a process
" against him."

The jury acquitted Odle, and found Finn guilty.

The court sentenced him to pay a nominal fine and no costs.